MEMORANDUM **
Claimant Jacqueline Whitehorn filed an application for disability insurance benefits on October 23, 2003, citing ongoing health problems relating to severe asthma and chemical sensitivities. After a hearing, the Administrative Law Judge (“ALJ”) denied Whitehorn’s application. Whitehorn requested review by the Appeals Council, and submitted a new letter from her treating physician. Whitehorn alleged .that this new letter further corroborated her disability. The Appeals Council disagreed, and adopted the ALJ’s decision. The district court similarly rejected Whitehorn’s arguments, and granted the Commissioner’s motion for summary judgment.
In this appeal, Whitehorn makes two arguments. First, she alleges that the ALJ improperly rejected the opinion of her treating physician, Dr. Holly Strong. Second, she challenges the ALJ’s adverse credibility finding as not supported by convincing reasons. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reject Whitehorn’s first argument, but agree that the ALJ’s reasons for disbelieving White-horn were not sufficiently convincing. We therefore reverse and remand to the ALJ.
1. Whitehorn’s Treating Physician
Whitehorn argues that the ALJ improperly rejected the opinion of Dr. Strong, who was Whitehorn’s treating physician. While Whitehorn is correct that such an opinion is normally entitled to weight, she is incorrect as to a threshold issue: the ALJ did not reject Dr. Strong’s opinion. On the contrary, the course of Whitehorn’s treatment, as reflected in Dr. Strong’s reports, provides substantial evidence to support the ALJ’s decision. The ALJ relied almost exclusively on those reports. The reports indicate that White-horn was “remarkably improved overall” in April 2002, and that a few months later Whitehorn “seems like she’s doing quite well.” Those records also indicate that Whitehorn’s medical tests did not reflect a condition that met the standard for serious asthma as outlined in the regulations. See 20 C.F.R. pt. 404 app. 1 sec. 3.03.
Whitehorn’s arguments regarding Dr. Strong’s 2006 letter are unavailing. That letter clearly addresses Whitehorn’s condition in 2006, well after her disability insurance had ceased. December 31, 2002, was the last date on which Whitehorn met the special earnings requirements of the Social Security Act. 42 U.S.C. § 423(a)(1)(A). Since there is no indication that Dr. Strong intended her 2006 diagnosis to relate back to 2002, the ALJ was entitled to rely on Dr. Strong’s contemporaneous medical reports.
2. Adverse Credibility
Next, Whitehorn argues that the ALJ erred in finding her not credible when she reported symptoms such as fatigue and the side effects of certain medications. Once a claimant has established a medical basis for a particular symptom, the ALJ can only reject reports of such a symptom “by offering specific, clear and convincing reasons for doing so.” Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir.2007) (quoting Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir.1996)).
*681 The ALJ’s reasons for disbelieving Whitehorn’s testimony are not clear and convincing. First, the ALJ noted that despite Whitehorn’s testimony regarding uncontrollable shaking after certain asthma treatments, she still engaged in craft activities such as watercolor painting. But there is no indication that Whitehorn engaged in such activities in the fifteen to twenty-five minutes after a treatment, which was the reported duration of the shaking episodes. Moreover, Whitehorn specifically testified that she did not paint often.
The ALJ further found that Whitehorn’s medical records and activities of daily living did not correlate with her allegations of fatigue and medical side-effects. On the contrary, Dr. Strong’s medical records do reflect reports of fatigue and insomnia as a result of Whitehorn’s treatment regimen and persistent coughing. As for Whitehorn’s daily activities, nothing in her testimony regarding those activities is inconsistent with extreme fatigue. On the contrary, her testimony consistently corroborates that symptom. When discussing her participation in clubs, Whitehorn noted that she had ceased participating in most of those organizations, partially because some such events were scheduled at times when she was typically quite tired. While she testified that she made lunch for her husband and picked up around the house, such activity is not inconsistent with needing regular naps and being fatigued to the point of being unable to keep a job. See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989) (“The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication.” (citations omitted)).
We REVERSE the ALJ’s adverse credibility finding and REMAND for further proceedings.[1]

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Whitehorn's third argument is derivative of the credibility issue. Whitehorn contends that the hypothetical posed to the Vocational Expert ("VE") did not properly illustrate the range of Whitehorn’s symptoms, including her fatigue. On remand, the ALJ will have an opportunity to address this issue.